T.C. Memo. 2012-33

UNITED STATES TAX COURT

BARBARA ANN DELON AND WELBON DELON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6525-10L.                       Filed February 2, 2012.

Barbara Ann DeLon and Welbon DeLon, pro sese.

<u>David M. McCallum</u>, for respondent.

## MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>: Pursuant to section 6330(d),[1] petitioners seek review of respondent's determination to proceed with collection of their unpaid 2006 Federal income tax liability. The issue for decision is whether respondent abused his discretion by sustaining the proposed collection activity.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.[2] At the time they filed the petition, petitioners resided in North Carolina.

During 2006 petitioner Barbara Ann DeLon worked at the North Carolina Central University Foundation (foundation). Petitioners timely filed their joint Federal income tax return for 2006. They did not report the income that Ms. DeLon received from the foundation.[3] On August 4, 2008, the Internal Revenue

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code.

[2] Petitioners objected to several of the stipulated facts and attached exhibits. However, petitioners' objections relate to the accuracy of the underlying tax liability, which is not at issue, <u>see infra</u> p. 5, and not to the admissibility of the evidence.

[3] The IRS received a Form 1099-MISC, Miscellaneous Income, from the
(continued...)

Service (IRS) issued to petitioners a notice of deficiency in which it determined a deficiency in their 2006 income tax and an accuracy-related penalty under section 6662(a). Petitioners received the notice of deficiency on August 7, 2008. Petitioners did not file a petition contesting the deficiency determination.

On December 15, 2008, the IRS assessed petitioners' 2006 tax liability. Petitioners failed to pay the assessed tax liability, and on May 11, 2009, the IRS issued to petitioners a Final Notice of Intent to Levy and Notice of Your Right to a Hearing. On June 15, 2009, the IRS received petitioners' timely filed Form 12153, Request for a Collection Due Process or Equivalent Hearing (CDP hearing request). In the CDP hearing request petitioners stated that they disagreed with the levy because Ms. DeLon's employer improperly classified her as an independent contractor and, therefore, the deficiency determination was incorrect.

On December 29, 2009, Settlement Officer Darla Weatherby of IRS Office of Appeals (Appeals) sent petitioners a letter scheduling a telephone CDP hearing for January 21, 2010 at 1 p.m. The letter advised petitioners that Appeals could not consider whether petitioners owed the amount due if petitioners had received a

_____

[3](...continued)
foundation that reported Ms. DeLon earned $93,042 of income. Petitioners disagree with the amount of income and also argue that the foundation improperly characterized Ms. DeLon as an independent contractor instead of as an employee.

notice of deficiency regarding that amount. The letter further stated that in order for Officer Weatherby to consider collection alternatives, petitioners had to submit a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and file all required tax returns.[4] Petitioners did not submit any information to Officer Weatherby, and the scheduled hearing did not take place.[5] On February 13, 2010, the IRS issued to petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) sustaining the proposed levy.

## OPINION

Section 6330(a) provides that the Secretary shall furnish taxpayers with written notice of their right to a hearing before any property is levied upon. Section 6330 further provides that the taxpayer may request administrative review of the matter (in the form of a hearing) within a prescribed 30-day period. Sec. 6330(a) and (b).

---

[4] Petitioners' 2004, 2005, 2007, and 2008 tax returns had not been filed.

[5] Officer Weatherby instructed petitioners to call her at the scheduled hearing time, but she did not receive any call. At some point petitioners attempted to call Officer Weatherby, but they do not explain why they were unable to reach her.

Pursuant to section 6330(c)(2)(A), a taxpayer may raise at the section 6330 hearing any relevant issue with regard to the Commissioner's collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action(s), and alternative means of collection. Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000). If a taxpayer received a notice of deficiency for the year in issue or otherwise had the opportunity to dispute the underlying tax liability, the taxpayer is precluded from challenging the existence or amount of the underlying tax liability. Sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. at 610-611; Goza v. Commissioner, 114 T.C. at 182-183.

Petitioners challenge the existence and amount of their underlying tax liability for 2006. The IRS issued petitioners a notice of deficiency for 2006. Petitioners received the notice of deficiency on August 7, 2008. Therefore petitioners are precluded from challenging the existence or amount of the underlying tax liability. See sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. at 610-611; Goza v. Commissioner, 114 T.C. at 182-183.

Where, as here, the existence and amount of the taxpayer's underlying tax liability are not at issue, we review the Commissioner's determination for abuse of discretion. Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114

T.C. at 181-182. Petitioners did not request that Officer Weatherby consider collection alternatives, failed to provide her with the financial information that she requested or file all required tax returns, and disputed only the underlying tax liability in their CDP hearing request. Accordingly, respondent did not abuse his discretion in determining that collection activity should proceed.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.